UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREGORY HAYDEL, JR. & BELINDA HAYDEL | * | CIVIL ACTION NO. 23-6272 |
| | * | |
| | * | SECTION: "E"(1) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| WILSERV CORPORATION | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the plaintiffs' Motion for Leave to File Amended Complaint. (Rec. Doc. 10). The Court finds good cause for the plaintiffs' late filing and finds that the interest of justice requires granting leave to amend. Accordingly, plaintiffs' Motion for Leave to File Amended Complaint (Rec. Doc. 10) is GRANTED; plaintiffs' Amended Complaint shall be entered into the record.

Background

Plaintiffs allege that their home was damaged as a result of the negligent application and installation of spray foam insulation by defendant Wilserv Corporation. They filed this lawsuit in state court on July 18, 2023. Wilserv removed on October 17, 2023. Trial is set to begin on September 23, 2024. The deadline to complete discovery is July 9, 2024. The deadline to amend pleadings passed on January 2, 2024.

Presently, plaintiffs seek to amend their complaint to join Wilserv's commercial general liability insurer, James River Insurance Company. They say they recently learned that James River has issued a reservation of rights letter. Prior to this discovery, they did not know there were any insurance coverage issues. Their proposed Amended Complaint merely adds a direct action against James River and does not change the substance of their claims. They have not seen the reservation

1

letter, however, they suggest that James River is likely providing a defense to Wilserv and that it is therefore fully aware of the nature and substance of plaintiffs' claims.

Wilserv opposes. It complains that it disclosed the existence of its insurer in December 2023 with its initial disclosures. It argues that plaintiffs have failed to show good cause for their failure to amend the complaint within the scheduling order deadlines.

In reply, plaintiffs question why Wilserv would object to the joinder of its insurer, leaving itself open to the potential risk of an uninsured claim. They suggest the opposition is actually being mounted by James River.

Law and Analysis

1. *Standard to Amend Pleadings*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

Where the court-ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

2. *Analysis*

Because the deadline to amend pleadings has passed, the Court must first consider whether plaintiffs have established good cause under Rule 16. The Court finds that they have. They have offered a compelling reason for their delay. Prior to the deadline to amend pleadings, they did not know that there were any insurance coverage issues. Although they could have joined James River earlier, there is no suggestion that they were required to do so. Because of the insurance coverage issue, joinder of James River is important to give plaintiffs an opportunity to counter James River's coverage defenses in the interest of keeping the insurance proceeds available to pay any judgment to which they may be entitled. Wilserv does not claim it will suffer any prejudice as a result of plaintiffs' delay. And as plaintiffs suggest, James River is likely already aware of this lawsuit. There is no indication, for example, that any discovery will have to be redone or that the scheduling order deadlines cannot be met. Even if additional time is needed, neither party suggests they would

3

be prejudiced by a trial continuance. The Court finds plaintiffs have established good cause to amend the scheduling order deadline to allow their out of time pleading amendment.

Under Rule 15, the Court must grant leave to amend when justice so requires. None of the factors that can justify denying leave are present here. The Court has already found plaintiffs' delay was justified and not undue. There is no indication plaintiffs are acting in bad faith or with a dilatory motive. This is not an instance of repeated failures to cure deficiencies, and there is no suggestion that the amendment would be futile. The Court finds that leave to amend must be granted under Rule 15.

<u>Conclusion</u>

Plaintiffs have established good cause for their out of time pleading amendment to Wilserv's insurer because they only recently discovered that insurance coverage issues exist and no prejudice will result to the parties from plaintiffs' delay. Further, the Court finds that it is in the interest of justice to allow the amendment. Accordingly, plaintiffs' Motion for Leave to File Amended Complaint (Rec. Doc. 10) is GRANTED; their Amended Complaint shall be entered into the record.

New Orleans, Louisiana, this 6th day of May, 2024.

                                                Janis van Meerveld
                                         United States Magistrate Judge